```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                              :

ROBERT D. NATAL                     :    BK No. 09-12112
         Debtor                          Chapter 7

- - - - - - - - - - - - - - - - - -x
RALPH SHIPPEE                       :
         Plaintiff

v.                                  :    A.P. No. 09-1098

ROBERT D. NATAL                     :
         Defendant
- - - - - - - - - - - - - - - - - -x
```

## ORDER

Heard on January 20, 2011 and February 10, 2011, on Defendant Robert D. Natal's Motion for Reconsideration [Doc. No. 30] of the Court's order granting default judgment [Doc. No. 27] on October 13, 2010, in the instant adversary proceeding. A motion for reconsideration of an order for default judgment is reviewed pursuant to the Federal Rules of Civil Procedure 60(b), as incorporated through Bankruptcy Rule 9024. There are several grounds pursuant to Fed. R. Civ. P. 60(b) upon which a court may relieve a party from a final judgment, order, or proceeding. In the instant case, the Defendant fails to state under which ground he is seeking to have the default judgment lifted. Based on the papers and limited oral argument, the Court believes that the only grounds that may be applicable are Fed. R. Civ. P. 60(b)(1) and 60(b)(6). Fed. R. Civ. P. 60(b)(1) provides that "a court may relieve a party ... from a final judgment, order, or proceeding," "[o]n motion and just terms," upon a finding of "mistake, inadvertence, surprise, or excusable

BK No. 09-12112; A.P. No. 09-1098

neglect." Fed. R. Civ. P. 60(b)(6) provides that "a court may relieve a party ... from a final judgment, order, or proceeding," "[o]n motion and just terms," upon a finding of "any other reason that justifies relief."

"To prevail on a Rule 60(b) motion, the party seeking to have the judgment vacated bears the burden of showing both reasonable grounds for the default, and the existence of a meritorious defense on the merits of the case." *Balzotti, et al. v. RAD Investments, LLC, et al. (In re Shepherds Hill Development Co., LLC)* 316 B.R. 406, 416 (1st Cir. BAP 2004). In the instant case, the Defendant has failed to meet his burden. The Defendant did not provide adequate evidence of reasonable grounds for the default under either Fed. R. Civ. P. 60(b)(1) or (60)(b)(6). The Defendant also did not provide any evidence of the existence of a meritorious defense on the merits of the underlying adversary proceeding. Therefore, the Court **DENIES** the Defendant's motion for reconsideration of the Court's order granting default judgment.

Entered as an Order of this Court.

Dated at Providence, Rhode Island, this 25th day of May, 2011.

　　　　　　　　　　　　　　　　　　　　　　　　　Arthur N. Votolato
　　　　　　　　　　　　　　　　　　　　　　　　　U.S. Bankruptcy Court

Entered on docket: 5/25/11

2